Regis O ’Beleu, J.
The petitioner expressly, and in open court, conceded that the only issue raised by him in this article 78 proceeding is one of law. Hence, he opposed sending the matter to the Appellate Division even though a hearing had been held and evidence' taken pursuant to statutory direction -(Civ. Prac. Act, § 1296).
The sole issue involved is whether or not the power granted to a County Judge to suspend the license of a motorist when exercised by him after a plea of guilty to reduced charges, prohibits the Commissioner of Motor Vehicles from exercising the power to revoke a license after a hearing.
*739 The matter grew out of an automobile accident which occurred June 4, 1960. The petitioner’s automobile collided with the rear of another vehicle.
The petitioner was arrested, taken before a Justice of the Peace and charged with driving while intoxicated (Vehicle and Traffic Law, § 70, subd. 5, now § 1192). He pleaded not guilty. Later, the matter was transferred to the Genesee County Court pursuant to section 57 of the Code of Criminal Procedure. There, on or about Jánuary 23, 1961, the petitioner pleaded guilty to a violation of section 58 (reckless driving, now § 1190) of the Vehicle and Traffic Law. The charge of driving while intoxicated was dismissed on motion of the District Attorney of Genesee County.
The sentence imposed by the County Judge included a fine ■>f $100 and a six months’ sentence of confinement to the Genesee County Jail, suspended, and the defendant Coniber was placed on probation for a period of two years. The operator’s license of the defendant was suspended for a period of three months.
Thereafter the Commissioner of Motor Vehicles, after a hearing held on March 22, 1961 before hearing officer Burton Bloom, and at which the petitioner was represented by counsel, issued an order revoking the petitioner’s license. The findings as to the evidence of the hearing are attached to the affidavit submitted by the Assistant Attorney-General on behalf of the Commissioner.
It is stated that the disposition of the matter by the Comruistioner was pursuant to paragraph (e) of subdivision 3 of section 510 of the Vehicle and Traffic Law, and was based on evidence after a hearing at which it was found that the petitioner had been “ operating a motor vehicle in a manner showing a reckless disregard for the life or property of others.”
This court finds that each of the decisions is legal and valid.
The Commissioner of Motor Vehicles is charged with the duty of administering the provisions of the Vehicle and Traffic Law (§§ 200-214, 501-510).. Neither party has cited authorities for his contention and the court, in its research, has not found a case exactly in point.
In the case of Matter of Cadieux v. Macduff (1 A D 2d 360), the court states at page 361: ‘ ‘ When the action is mandatory, revocation1 is required; when permissive, either, revocation or suspension for a definite period is permitted.”
The criminal charge upon which the petitioner Coniber was brought before the Justice of the Peace was one that would result in a mandatory revocation, if the motorist was convicted. That was’ the charge transferred to the County Court pursuant to the appropriate provisions of the Criminal Code (§ 57).
*740 The charge to which the petitioner Coniber pleaded guilty was one reduced from driving while intoxicated to one of gross negligence in the operation of an automobile. This did not mandate the court to revoke the license. It did, however, permit a suspension which was imposed for a period of three months.
The hearing conducted by the Commissioner of Motor Vehicles was concerned only with the question of the petitioner’s license. The hearing produced evidence relative to the cause of the accident and other details of the operation of the cars involved. The petitioner was represented by counsel and the operators of the motor vehicles involved were present and are listed as witnesses.
While no transcript of the hearing was submitted on this motion, a photostat copy of the 1 ‘ Beport of Hearing ’ ’ held March 22, 1961, and conducted by the Department of Motor Vehicles in regard to the accident, is attached to the affidavit of the Assistant Attorney-General.
The “ Beport of Hearing” discloses the findings as to the evidence, also the disposition which is stated as: “ Bevoke license of George C. Coniber pursuant to Sec. 510-3 E Vehicle and Traffic Law—operating a motor vehicle in a manner showing a reckless disregard for the life or property of others.”
In the Cadieux case (supra) the court stated at page 361 of its opinion: “ It seems clear * * * that the Legislature intended to vest the commissioner with discretion to consider the type of conviction, the nature and flagrancy of the violation, and to determine whether suspension, revocation or neither was justified.” He performed that duty iu this case. It was an administrative act. The County Judge could not pre-empt him from performing his duty in exercising a permissive act on a motorist who pleaded guilty to a charge reduced from driving-while intoxicated to reckless driving.
The application for an order to annul the determination of the Commissioner of Motor Vehicles is denied.